IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

THOMAS P. LEWIS,

    Plaintiff,

v.                        No. 02-2958 B

UNITED STATES OF AMERICA,

    Defendant.

---

ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE
DENYING MOTION TO QUASH AND OVERRULING OBJECTIONS
OF BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.

---

This action involves a dispute concerning the payment of employment tax liabilities and penalties owed the United States of America (the "USA"), pursuant to the Internal Revenue Code, by VisionAmerica, Inc. ("VisionAmerica" or "the Company"). According to the motion papers, VisionAmerica sought bankruptcy protection in 2001 and was liquidated in a Chapter 7 bankruptcy proceeding the following year. At this point, the Company has no assets, officers, directors or shareholders. The lawfirm of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") formerly represented VisionAmerica, but is not a party to this lawsuit or the current representative of a party.

On August 17, 2004, this Court referred to the magistrate judge the August 6, 2004 Baker Donelson's motion to quash the subpoena of the USA, the Defendant herein, for production of documents and to take the deposition of attorney Robert Walker, a Baker Donelson shareholder. In an order entered December 7, 2004, Magistrate Judge S. Thomas Anderson denied the motion. The objections of Baker Donelson to the magistrate judge's December 7 order are currently before the

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

Court. In considering an appeal of a magistrate judge's order, "[t]he presiding district judge may reconsider any order determining a pretrial matter where it has been shown that the magistrate judges' order is clearly erroneous or contrary to law." LR72.1(g)(1), Local Rules of the U.S. Dist. Ct. for the W.D. of Tenn.; see also Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Stetz v. Reeher Enter., Inc., 70 F.Supp.2d 119, 120-21 (N.D.N.Y. 1999) (citation omitted). "A magistrate judge has broad discretion in resolving nondispositive matters and thus is entitled to substantial deference in deciding discovery disputes." Lomascolo v. Otto Oldsmobile-Cadillac, Inc., 253 F.Supp.2d 354, 357 (N.D.N.Y. 2003).

In filing its original motion, Baker Donelson sought an order quashing the subpoena and notice of deposition on the grounds of attorney-client privilege. "Claims of attorney-client privilege are narrowly construed because the privilege reduces the amount of information discoverable during the course of a lawsuit. The privilege applies only where necessary to achieve its purpose and protects only those communications necessary to obtain legal advice." In re Columbia/HCA Healthcare Corp. Billing Practices Litig., 293 F.3d 289, 294 (6th Cir. 2002), cert. dismissed sub nom., HCA, Inc. v. Tenn. Laborers Health and Welfare Fund, 539 U.S. 977, 124 S.Ct. 27, 156 L.Ed.2d 690 (2003) (internal citations and quotation marks omitted). The "burden of establishing the existence of the privilege rests with the person asserting it."[1] Id. (citation omitted). Similarly, "[t]he risk of nonpersuasion arising from a failure to establish facts supporting a claim of privilege falls upon the party asserting it." Amway Corp. v. Proctor & Gamble Co., No. 1:98-CV-726, 2001

---

[1] The parties have not raised the issue of whether Baker Donelson may assert the privilege in this case. Thus, the Court will assume for purposes of the motion at issue that it may do so.

2

WL 1818698, at *4 (W.D. Mich. Apr. 3, 2001) (citing Glidden Co. v. Jandernoa, 173 F.R.D. 459, 476 (W.D. Mich. 1997)). The party invoking the privilege must "produc[e] evidence sufficient to show the existence of a relationship giving rise to the privilege. The burden of production is not satisfied by mere conclusive or *ipsa dixit* assertions, for any such rule would foreclose meaningful inquiry into the existence of the privilege." Generalized assertions of privilege will not suffice. American Health Sys., Inc. v. Liberty Health Sys., No. CIV. A. 90-3112, 1991 WL 42310, at *5 (E.D. Pa. Mar. 26, 1991) (internal citations omitted); see also Case v. Unified Sch. Dist. #233, No. Civ. A. 94-2100-GTV, 1995 WL 358198, at *3 (D. Kan. June 2, 1995) (same).

> In his affidavit, filed as an exhibit to the motion, Walker stated in part as follows:[2]
> In March 2000, a Special Committee of the Board of Directors of VisionAmerica, Inc. engaged Baker Donelson to conduct an independent investigation of certain matters and to offer legal advice regarding the same and other related issues, and I was the Baker Donelson attorney in charge of such investigation.
>
> In connection with its investigation Baker Donelson prepared and received documents involving confidential communications between VisionAmerica, Inc. and Baker Donelson with regard to the investigation and related matters.

(Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.'s Mot. to Quash Def.'s Subpoena for Prod. of Docs. and Notice to Take Deps., Ex. 3 (Aff. of Robert Walker, Esq. at ¶¶ 3-4)) In its response to

---

[2] Filed contemporaneously with its appeal of the magistrate judge's order is a second affidavit by Walker containing a more detailed recitation of his role with respect to the VisionAmerica investigation. However, the Court, in reviewing an appeal of a magistrate judge's order, may not consider evidence not presented to the magistrate judge in the first instance. See Haines v. Liggett Group Inc., 975 F.2d 81, 92-93 (3d Cir. 1992), reh'g denied (Oct. 8, 1992); Tyson v. Equity Title & Escrow Co. of Memphis, LLC, 282 F.Supp.2d 829, 831 (W.D. Tenn. 2003). Accordingly, the second affidavit will not be part of the Court's determination here. Even though it will not be considered, the Court notes that the bulk of the supplemental information contained in the second affidavit consists of statements by Walker to the effect that certain communication should be deemed privileged based on his assurances to his client that the privilege applied. Obviously, communications do not become privileged just because an attorney declares them to be. If that were the case, the privilege would be nothing more than a weapon in counsel's arsenal to be brought forth whenever it was deemed of strategic advantage.

3

the motion, the USA avers that Walker also prepared internal corporate memoranda and correspondence to the Internal Revenue Service (the "IRS"), other creditors and banks; worked with VisionAmerica's auditor, KPMG Peat Marwick, in an attempt to resolve the Company's tax deficiencies; negotiated with financial institutions in order to obtain a line of credit to pay the IRS; attended corporate and board of director's meetings concerning the unpaid employment taxes; assisted in the search for a new chief executive officer to replace Ronald L. Edmonds, who is also involved in this lawsuit; interviewed VisionAmerica officers and employees concerning their involvement and responsibilities with respect to the payment of payroll taxes; and acted as secretary in meetings of the Company's board of directors. The USA seeks to depose Walker concerning business advice offered to VisionAmerica, his bank negotiations for lines of credit, and his interviews with Company employees.

The magistrate judge concluded that the attorney-client privilege did not apply because Walker's advice, based on the information before him, was of a non-legal, business nature. The attorney-client privilege is limited to those communications made in confidence by the client to the attorney in connection with seeking or providing legal advice. See Reed v. Baxter, 134 F.3d 351, 355-56 (6th Cir.), cert. denied, 525 U.S. 820, 119 S.Ct. 61, 142 L.Ed.2d 48 (1998).

> At the core of the privilege is the concept that the giving of *legal* advice protects communications from compelled disclosure. A lawyer's communications, and those of the client, when the lawyer functions in any other capacity are not protected from compelled disclosure. Thus, for the privilege to be applicable, the proponent must demonstrate that the lawyer has acted in a legal capacity rather than in any of the other functions that legally trained individuals perform in our society. The mere fact that a certain function is performed by an individual with a law degree will not render the communications made to the individual privileged.

Amway Corp., 2001 WL 1818698, at *5 (emphasis in original).

4

In this case, the affidavit submitted to the magistrate judge in support of Baker Donelson's motion provided little more than blanket assertions of privilege by Mr. Walker. In light of evidence suggesting that the duties upon which the USA seeks to depose counsel were arguably business, rather than legal, in nature, and keeping in mind the limited review the Court is afforded and the deference to be given to the magistrate judge's ruling, the Court is unable to conclude that the determination was "contrary to law" or "clearly erroneous."

Furthermore, in making its decision, the Court finds that Magistrate Judge Diane Vescovo's order in a related miscellaneous case filed in this district, to which Baker Donelson refers, is not determinative on the issue presented here. When her opinion was issued, the USA was not a party to the action and the parties before the Court at that time appear to have stipulated to the fact that the information sought, essentially the same evidence to be obtained through Walker's deposition, was privileged. Accordingly, the magistrate judge need not and did not make any finding as to the existence of privilege, but merely assumed so. The conclusion of Magistrate Judge Anderson to the contrary on the instant motion does not then, as Baker Donelson suggests, conflict with the earlier determination by Magistrate Judge Vescovo.

As the movant has failed to make a showing that the order of the magistrate judge is clearly erroneous or contrary to law, the order is hereby AFFIRMED and the objections filed by Baker Donelson are OVERRULED.[3]

---

[3] Based on the Court's finding, it need not address the parties' arguments concerning whether VisionAmerica's status as a defunct corporation affects assertion of the privilege.

5

IT IS SO ORDERED this 20th day of June, 2005.

_____
J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 97 in case 2:02-CV-02958 was distributed by fax, mail, or direct printing on June 21, 2005 to the parties listed.

---

Jason S. Zarin
U.S. DEPARTMENT OF JUSTICE
P. O. Box 227
Ben Franklin Station
Washington, DC 20044

Lisa A. Krupicka
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

William Vann Hearnburg
SMITH GAMBRELL & RUSSELL, LLP
1230 Peachtree St., N.E.
Suite 3100, Promenade II
Atlanta, GA 30309--359

John G. Despriet
SMITH GAMBRELL & RUSSELL, LLP
1230 Peachtree St., N.E.
Suite 3100, Promenade II
Atlanta, GA 30309--359

Scott J. Crosby
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Lindsey W. Cooper
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

Sam B. Blair
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Stephen H. Biller
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Honorable J. Breen
US DISTRICT COURT