FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 DEC 29 AM 8: 44

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| Thomas P. Lewis,<br>    Plaintiff,<br><br>v.<br><br>United States of America,<br>    Defendant/Third-Party Plaintiff,<br><br>v.<br><br>Ronald L. Edmonds,<br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)    No. 02-2958 B/An<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER TAXING COSTS

Defendant, United States of America ("United States"), the prevailing party in the above-captioned action under Judgment entered September 13, 2005 in favor of Defendant United States, filed its Application to Clerk to Tax Costs, pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, on October 17, 2005 in the sum of $10,580.99, seeking reimbursement from Plaintiff Thomas P. Lewis ("Lewis") and Third-Party Defendant Ronald L. Edmonds ("Edmonds").

The Clerk of Court, pursuant to Local Rule 54.1, provided written notice to counsel for all parties on October 18, 2005 (an amended notice was also sent on October 21, 2005), that a hearing would be held by the Clerk of Court on November 10, 2005 at 10:00 AM at which counsel could appear and/or submit citations of law relevant to the issue of taxing costs in this matter. A cost assessment hearing was held as scheduled. Counsel for the United States, Jason Zarin, Esq., appeared by pre-arranged telephone conference, and no counsel appeared on behalf of Plaintiff Lewis or Third-Party Defendant Edmonds.

At the outset, it should be noted that pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920, the Court has discretion to tax costs as a matter of course to the prevailing party and that taxation of costs may be carried out by Judge or by a Clerk of Court.

147

The United States prevailed on its motion for summary judgment and is, therefore, the prevailing party in this action, which means that it should be awarded costs unless there is a good reason for not doing so. Basically, the assessment of whether to award costs rests on three elements: (i.) whether the nature of the costs claimed are recoverable under 28 U.S.C. § 1920; (ii.) whether the amount of these costs is reasonable; and (iii.) whether the costs claimed are adequately documented.

The costs claimed by the United States in this action total $10,580.99 and include: (i.) costs incidental to the taking of depositions in the amount of $6,671.94 under 28 U.S.C. § 1920(2) and (ii.) exemplification and copy fees in the amount of $3,909.05 under 28 U.S.C. § 1920(4).

These costs are recoverable under 28 U.S.C. § 1920 and have been adequately documented by the invoices and expenditures submitted in the United States' Exhibits 1 and 2 and are, on their face, taxable as costs in this action.

Plaintiff Lewis' Memorandum Opposing United States' Application, however, correctly points out that the award of costs is not a purely mechanical process determined solely by who wins or loses the underlying case. There are indeed relevant issues to consider in addition to that of which party or parties prevailed. Also to be taken into account are, for example, the issue of whether the case was "close and difficult," the issue of "good faith" of the unsuccessful litigants, the issue of whether the losing litigant has adequate or, indeed, any resources, and the issue of whether the losing litigant himself or herself has been a victim in the same case. The authorities for the above analysis are adequately cited in Plaintiff Lewis' Memorandum and have been cited in several cost taxation cases in the Court in the past.

Taking into account the additional circumstances cited by Plaintiff Lewis, aside from the fact that the United States was the prevailing party, it is the decision of the Clerk of Court that costs should be taxed against Plaintiff Thomas P. Lewis and in favor of the United States in the amount equal to one-half (½) of the costs claimed by the United States. Wherefore, costs are taxable against Plaintiff Lewis in the amount of $5,290.50. The remaining costs requested by the United States are hereby taxed against Third-Party Defendant Ronald L. Edwards.

Pursuant to Local Rule 54.1, taxation of costs by the Clerk of Court may be reviewed by the Court upon motion, which must be served within five (5) days following the docketing of this Order.

Dated: December 23, 2005.

_____
Thomas M. Gould, Clerk of Court

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 147 in case 2:02-CV-02958 was distributed by fax, mail, or direct printing on December 29, 2005 to the parties listed.

---

Stephen H. Biller
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Lisa A. Krupicka
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Lindsey W. Cooper
U.S. DEPARTMENT OF JUSTICE
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

John G. Despriet
SMITH GAMBRELL & RUSSELL, LLP
1230 Peachtree St., N.E.
Suite 3100, Promenade II
Atlanta, GA 30309--359

William Vann Hearnburg
SMITH GAMBRELL & RUSSELL, LLP
1230 Peachtree St., N.E.
Suite 3100, Promenade II
Atlanta, GA 30309--359

Scott J. Crosby
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Sam B. Blair
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Thomas M. Gould
U.S. DISTRICT COURT
242 Federal Bldg.
167 No. Main St.
Memphis, TN 38103

Jason S. Zarin
U.S. DEPARTMENT OF JUSTICE
P. O. Box 227
Ben Franklin Station
Washington, DC 20044

Honorable J. Breen
US DISTRICT COURT