IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

THOMAS P. LEWIS,

      Plaintiff,

v.                                          No. 02-2958 B

UNITED STATES OF AMERICA,

      Defendant/Third-Party Plaintiff,

v.

RONALD L. EDMONDS,

      Third-Party Defendant.

_____

ORDER DENYING PLAINTIFF'S MOTION TO REVIEW TAXATION OF COSTS
_____

      In his complaint, the Plaintiff, Thomas P. Lewis, sought recovery from the Defendant, the United States of America (the "USA" or the "Government"), of moneys paid to the Government in the form of employment tax liabilities and penalties assessed against him. His claims were dismissed in an order entered by this Court on September 12, 2005. On October 17, 2005, the USA filed an application for taxation of costs against Lewis and Third-Party Defendant Ronald L. Edmonds in the amount of $10,580.99. Pursuant to LR54.1(b), Local Rules of the United States District Court for the Western District of Tennessee, a taxation of costs hearing was conducted on November 10, 2005.

      The Clerk allowed costs in the amount of $5,290.50 to be assessed against Lewis and the remainder to be assessed against Edmonds, finding that the USA, the prevailing party, was entitled to such an award. The taxation award represented the costs of depositions and exemplification and

copy fees.  The Plaintiff has appealed the tax award on the grounds that requiring him to pay half the Government's costs is neither warranted nor equitable.  Both the Government and Edmonds have opposed the motion.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d)(1).  There is no dispute that the USA is the "prevailing party" in this matter.  In addition, 28 U.S.C. § 1920 expressly permits recovery of taxable costs for expenses, including court reporting.  28 U.S.C. § 1920(2) & (4).  The language of Rule 54 "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."  Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001) (quoting White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)).  "It is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party."  Moore v. Northwest Airlines, No. Civ.A. 04CV70560DT, 2005 WL 1348635, at *1 (E.D. Mich. Apr. 22, 2005) (quoting White & White, Inc., 786 F.2d at 731).  As the Sixth Circuit articulated in Singleton,

> [w]e have identified several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs.  Although the ability of the winning party to pay [its] own costs is irrelevant, another factor weighing in favor of denying costs is the indigency of the losing party. . . . [I]n forma pauperis status will not by itself provide an automatic basis for denying taxation of costs against an unsuccessful litigant.

Singleton, 241 F.3d at 730 (internal citations omitted).  In support of his motion to reconsider the award, Lewis maintains that (1) he acted in good faith by acting as a "whistle blower," drawing attention to Edmonds' fraud, of which Lewis was himself a victim; (2) the case was close and

difficult; (3) he has "virtually no money" and has been unemployed for five years[1]; and (4) not all the costs were necessary.

Upon careful consideration, the Court finds that the Plaintiff has failed to carry his burden of overcoming the presumption in favor of the cost award.  First, the Court does not see the Plaintiff has been the "victim" he insists that he is.  In its order granting the USA's motion for summary judgment, it was the opinion of the Court that Lewis was no less culpable in the failure of VisionAmerica, of which he was Chief Executive Officer, President, and a member of the Board of Directors, to pay the employment taxes than Edmonds, its Chief Financial Officer.  Secondly, the case was not "close and difficult."  Rather, there was substantial evidence to show that Lewis, along with Edmonds, was a "responsible person" for purposes of the Internal Revenue Code (the "Code") and that they willfully failed to make the proper tax payments to the Government.  See Bell v. United States, 355 F.3d 387, 393 (6th Cir. 2004) (setting forth elements for liability under the Code). "Just because a matter is contested does not mean it is close and difficult." Tuggles v. Leroy-Somer, Inc., 328 F.Supp.2d 840, 845 (W.D. Tenn. 2004).

With respect to the Plaintiff's claims as to his financial situation, "[t]he burden is on the losing party to show that [he] is unable, as a practical matter and as a matter of equity, to pay the defendant's costs.  To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that [he] is indigent." Id. (internal citations omitted).  "A party is indigent if [he] is incapable of paying the court-imposed costs at this time or in the future." Id. (citation and internal quotation marks omitted).  "The losing party, however, must *show* an inability

---

[1]The Plaintiff further asserts that the cost award should be overturned because his motion to alter or amend the Court's judgment under Fed. R. Civ. P. 59(e) remains pending before the Court.  The Court has since ruled on the motion in favor of the Government.

to pay to overcome the presumption that the prevailing party is entitled to recover costs.  Such a showing can be made upon providing actual documentation of the inability to pay." <u>A.D. v. Deere & Co.</u>, 229 F.R.D. 189, 192 (D.N.M. 2004) (emphasis added) (citing <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1038-39 (11th Cir.2000); <u>Corder v. Lucent Tech. Inc.</u>, 162 F.3d 924, 929 (7th Cir.1998)). Beyond his bald assertion, the Plaintiff has made no showing whatever of his inability to pay.  The Court notes in this regard, however, that parties are permitted, and encouraged, to devise a mutually satisfactory payment plan.  <u>See</u> <u>Tuggles</u>, 328 F.Supp.2d at 846 (while cost award to defendant was upheld, plaintiff with little financial means was permitted to work out a plan for the payment thereof).

Lewis argues that an assessment against him for half the Government's costs is unfair because some of those costs were associated with Edmonds' expert.  He has not, however, cited to any authority mandating the apportionment of cost payments between nonprevailing parties.  The Plaintiff also avers that the United States offered no evidence to show that certain costs, involving examination and copying of corporate records in Utah, were necessary.  In doing so, Lewis cites to page 4 paragraph B of the Government's cost application.  According to the cited passage, the United States attorneys, who were located in Washington, D.C., sought payment for exemplification and copying of VisionAmerica business records located in a storage locker in Memphis.  The Government also summonsed documents from VisionAmerica's general counsel, whose office is in Memphis.  Copies of invoices for these charges were submitted to the Court.  There is nothing to suggest the USA requested reimbursement for copies of records in Utah.  Consequently, the Court finds no basis for denying taxation of these costs on the basis offered by the Plaintiff.

Based on consideration of the relevant factors, the motion is DENIED.

4

IT IS SO ORDERED this 7th day of April, 2006.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE